# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SEAN BUSHEY, an individual and
as parent and natural guardian of
J.B. and J.B., his minor children,

      Plaintiff,

v.                                        Case No. 3:20-cv-95-MMH-MCR

UNITED STATES OF AMERICA,

      Defendant.

## O R D E R

**THIS CAUSE** is before the Court on the Unopposed Motion for Order Authorizing Settlement of Minors' Personal Injury Claim (Doc. 34; Motion), filed on April 27, 2022. In the Motion, Sean Bushey, individually and as the parent and natural guardian of J.B. and J.B., his minor children, seeks this Court's approval of the settlement of the claims brought in the above-styled cause. See Motion at 1. Plaintiff attaches the settlement to the Motion for the Court's review. See Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (Doc. 34-1; Settlement). Plaintiff represents to the Court that Defendant United States of America consents to the settlement and relief requested in the Motion. See

Motion at 7. Upon review, the Court finds it necessary to deny the Motion without prejudice to the filing of a renewed motion which addresses the issues identified below.

Under Florida law,[1] "[w]hen a settlement of any claim by or against the guardian, whether arising as a result of personal injury or otherwise . . . is proposed . . . the court may enter an order authorizing the settlement if satisfied that the settlement will be for the best interest of the ward." See Fla. Stat. § 744.387(1), (2). The Court needs more information in order to make this assessment. Although the parties provided the Court with information on the amount of the settlement, the amount of the outstanding medical liens, and the percentage of the settlement to be paid as attorney's fees, the Court lacks information as to the amount of Plaintiff's "costs and expenses" to be paid out of the Settlement. See Settlement ¶ 3.d. As such, the Court will require

---

[1] The Court acknowledges that as a case filed in federal court under federal law, it is arguable whether Florida law regarding the approval of a minor's settlement agreement applies to this action. See Garcia v. United States, No. 2:16-cv-168-FtM-38MRM, 2018 WL 889433, at *2 n.3. (M.D. Fla. Jan. 26, 2018) adopted by 2018 WL 838975, at *1 (M.D. Fla. Feb. 13, 2018); see also Casey v. Gartland, No. 2:18cv890-MHT, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) ("It is unclear whether federal or state law governs whether a federal court should approve the settlement of a federal claim brought by, or otherwise implicating the interest of, a minor . . . ."); Meyers v. United States, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2-4 (M.D. Fla. Sept. 29, 2014). Regardless, the Court finds it both useful and appropriate to follow state law when asked to approve a minor's settlement given that state law on the relevant issues "is well developed, while federal law on these issues is limited." See Meyers, 2014 WL 503585, at *4; Casey, 2020 WL 4470444, at *1 (applying state law in reviewing settlement of a minor's federal claim because state law is "fairly settled and easily discernable" and because federal law, to the extent it applied, was unlikely to be substantively or procedurally different in any material way).

Plaintiff's counsel to submit the closing statement specifically delineating the amount of the Settlement to be paid to the minor children after subtraction of attorneys' fees, costs, liens, and any other expenses. See Fla. Probate R. 5.636(7) (requiring a petition for approval of a settlement to contain "copies of all agreements, releases, or other documents to be executed on behalf of the minor").

In addition, the Court directs counsel for both parties to review paragraph 5, subparagraph c. of the Settlement and address what appears to be a drafting error. This subsection states as follows:

> Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of [J.B.] and [J.B.] The Order approving the settlement on behalf of [J.B.] and [J.B.] may be obtained from either the United States District Court for the Middle District of Florida or a state court of competent jurisdiction. <u>The Order approving the settlement on behalf of [J.B.] and [J.B.] must be obtained from a state court of competent jurisdiction.</u>

See Settlement ¶ 5.c. (emphasis added). The underlined sentence appears to have been included in error given its inconsistency with the preceding sentence. If the underlined provision was not included in error, then the parties must advise the Court whether they have obtained the state court's approval as required.

The next sentence in paragraph 5.c. provides that "[t]he terms of any court Order, <u>a draft of which shall be provided by the United States</u>, are a

condition of this settlement." See Settlement ¶ 5.c. (emphasis added). However, the parties have not filed or otherwise provided the Court with a copy of the contemplated draft order. Thus, any renewed motion should attach the proposed order and counsel should email a Word version of the order to the undersigned's chambers at chambers_flmd_howard@flmd.uscourts.gov.

Last, the Court notes that Plaintiff filed the Settlement on the Court docket without redacting the full names of the minor children in violation of Rule 5.2(a)(3), Federal Rules of Civil Procedure and Part G., paragraphs 1. and 2. of the Court's CM/ECF Administrative Procedures. Indeed, the names of the minor children are set forth in full in multiple places throughout the document. See Settlement ¶¶ 3, 4, 5.c. Accordingly, the Court will strike the Settlement and direct the Clerk of the Court to remove it from the Court docket. In filing the renewed motion, Plaintiff must attach a properly redacted copy of the Agreement. Accordingly, it is

**ORDERED:**

1. The Unopposed Motion for Order Authorizing Settlement of Minors' Personal Injury Claim (Doc. 34) is **DENIED without prejudice** to filing a renewed motion that addresses the issues identified in this Order.

2. The unredacted Settlement Agreement (Doc. 34-1) is **STRICKEN** and the Clerk of the Court is **directed** to remove the Settlement from the Court docket.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of May, 2022.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record